# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,
    Plaintiff,

V.

        : Cr-90-180-01-D
Case No.: Cr-90-293-01-G
        : Cr-90-276-01-

WOODY MALLARD RAYMER,
    Defendant.

FILED
DEC 07 2022
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

## MOTION FOR APPOINTMENT OF COUNSEL

Woody M. Raymer, Pro Se, respectfully moves this Court to appoint Counsel to represent him on all matters related to his "Motion For Compassionate Release" in this Case, and in Support States:

While there is no general Constitutional right to appointed Counsel in Post-Conviction Proceedings, See U.S. V. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), the Court has discretion

1 of 6

to appoint Counsel in Proceedings under 18 U.S.C. § 3582(c) if the "interests of justice" So require. See U.S. V. Legree, 205 F.3d 724, 730 (4th Cir. 2000); See also U.S. V. Reed, 482 F. App'x. 785, 786 (4th Cir. 2012)(analyzing interests of justice standard for appointment of Counsel in Similar Post-Conviction Proceedings); See also 18 U.S.C. § 3006A(a)(2)(B)(authorizing the Court to Provide Counsel to any financially eligible Person Seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 when "the interests of justice So require"). Id.

In this Case, Mr. Raymer believes

there are "equitable Concerns" that would make the "appointment of Counsel appropriate to ensure a just outcome," in a Proceeding under § 3582 (c)(2). See U.S. V. Webb, 565 F.3d 789, 795 n. 4 (4th Cir. 2009).

Mr. Raymer does not have the capability to adequately Present his case in any meaningful manner, without legal assistance. He had a fellow inmate who is adept in law and Procedure, Prepare his § 3582 (c)(1)(A) motion and this motion. Mr. Raymer's deteriorating Physical and mental Conditions; his advanced age; and the fact that he is currently incarcerated at the BOP Supermax

facility where he is subjected to
severe restrictions, and locked in his
cell alone, [a minimum of] 20 hours
each day, makes it almost impossible
to get legal assistance. See "Motion
For Compassionate Release" (detailing
Mr. Raymer's health conditions and
Solitary Confinement Circumstances).
   Mr. Raymer will not have any further
assistance from his fellow inmate
who prepared his § 3582(c)(1)(A)
motion, and this Motion, thus he
is not capable of advancing his
facts, claims, and arguments to
Prosecute his Motion in any future
briefings in his § 3582(c)(1)(A) motion.
   Mr. Raymer has raised issues in

4 of 6

his § 3582(c)(1)(A) Motion that have merit, and deserve to be fully litigated.

Mr. Raymer's § 3582(c)(1)(A) Motion is primarily based upon his physical and mental health, but he is unable to compel the BOP to provide him with his relevant medical records that he has requested, for use as exhibits in his Motion. Counsel would be able to compel the BOP to provide such medical records.

As the Eleventh Circuit has stated, "the key is whether the Pro Se party needs help presenting the essential merits of his position to the Court." See Kilge v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Under these extraordinary circumstances, Mr. Raymer respectfully moves this Court to grant his "Motion For Appointment of Counsel," as "the interests of justice so require." Legree, 205 F.3d at 730.

Respectfully Submitted,

Woody M. Raymer

Woody M. Raymer
# 09346-074

On the Motion:
J. S. Durham, ESQ.
# 32060-083